IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| KEITH HENDERSON, | : | |
| Petitioner. | : | |
| VS. | : | |
| Honorable MARVIN S. ARRINGTON, | : | CASE NO. 1:14-CV-151 (WLS) |
| Respondent. | : | |

## ORDER

 *Pro se* Petitioner KEITH HENDERSON, a prisoner at Wheeler Correctional Facility ("WCF"), originally filed the instant petition under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Mississippi. (Doc. 1.) Because Petitioner purports to challenge a conviction occurring in this District (in the Superior Court of Early County in 2005), the Northern District of Mississippi transferred the case to this Court (Doc. 7.)

 Petitioner has also filed a Motion to Proceed *in Forma Pauperis* (Doc. 2) and two motions for appointment of counsel (Docs. 3, 6). Solely for purposes of dismissing this action, Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2) is hereby **GRANTED**.

 Petitioner's allegations are essentially unintelligible. He claims, for example, that the U.S. District Courts tortured, raped, and molested him. He also complains about events occurring at WCF. As relief, Petitioner does not seek release from confinement, but instead seeks $999,000,000 in damages.

 Under Rule 4 of the Rules Governing Section 2254 Cases, district courts are required to promptly examine every application filed and thereafter enter a summary dismissal if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court…." It plainly appears from the petition that Petitioner is not entitled to relief in this Court.

Petitioner's filing possesses attributes of both a habeas petition and a civil rights action under 42 U.S.C. § 1983. Petitioner has not alleged any valid basis for habeas corpus relief. Moreover, he presently has pending in this Court a Section 2254 petition challenging his 2005 Early County conviction. *See Henderson v. Bishop*, 1:14-cv-128 (WLS). Petitioner may not maintain in this Court two habeas actions challenging the same conviction. *Cf.* 28 U.S.C. § 2244(b)(3)(A) (prohibiting filing of second or successive petition challenging same conviction without prior authorization from United States Court of Appeals).

Even if this Court construed the instant lawsuit as filed under section 1983, it would be subject to dismissal. As Petitioner is aware, he is a "three striker"[1] and may not proceed in a section 1983 action, unless he either pays the entire $400.00 filing fee or can demonstrate that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Petitioner has done neither.

In light of the foregoing, the instant action is hereby **DISMISSED WITHOUT PREJUDICE** and Petitioner's motions for appointment of counsel are hereby **DENIED** as moot.

To the extent that a certificate of appealability ("COA") is required for Petitioner to appeal this Order, it is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal IFP.

**SO ORDERED**, this 17th day of October, 2014.

/s/ W. Louis Sands
W. LOUIS SANDS
**UNITED STATES DISTRICT JUDGE**

---

[1] *See Henderson v. Graham*, 3:12-cv-85-BAE-BRS (S.D. Ga. Oct. 11, 2012) (listing Petitioner's cases).